### SCHOONER v. BARON.

Ohio Appeals, 6th Dist., Wood Co.

No. 433. Decided June 18, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

829. NEGLIGENCE.—225. Charge of Court.
Where evidence fails to show any actionable negligence on part of defendant, failure of court to charge doctrine of comparative negligence in accordance with 6245-1 GC., and failure to give plaintiff's request to charge, before argument, involving question of comparative negligence, not erroneous.
Error to Common Pleas.
Judgment affirmed.
George Cheney, Bowling Green, for Schooner.
S. W. Bowman, Bowling Green, for Baron.
FULL TEXT.
WILLIAMS, J.
The plaintiff below, Thomas Schooner, brought an action in the Court of Common Pleas against the defendant below, Henry Baron, in which he sought to recover for personal injuries sustained to his hand in cranking a truck of the defendant, who was his employer. Upon trial in the court below the jury returned a verdict for the defendant and judgment was entered thereon. The plaintiff below, as plaintiff in error here, seeks a reversal of the judgment upon the ground that the court failed to charge the doctrine of comparative negligence in accordance with the provisions of Sec. 6245-1, General Code, and to give plaintiff's request to charge before argument involving the same question.

It is undisputed that the employer did not come within the provisions of the Workmen's Compensation Act for the reason that he did not employ the requisite number of men to make that act applicable.

It appears from the bill of exceptions that the plaintiff was assisting the defendant, who was a junk dealer, in hauling certain junk in defendant's truck, and that when the defendant went away the plaintiff undertook to operate the truck and that the plaintiff ran "it up in the yard and stopped" and that thereupon the plaintiff got out of the truck and tried to start it and it backfired and kicked plaintiff in the hand, injuring him. An examination was made of the engine and it was found that the crank shaft was broken. We are of the opinion that there is no evidence in the record tending to show that the defendant was guilty of negligence in maintaining, inspecting or caring for the truck, or that the breaking of the crank shaft, even if it arose out of the negligence of the defendant, was the proximate cause of plaintiff's injury. There is no evidence in the record tending to show that the crank shaft was defective, or what caused it to break. For all that appears, the breakage was as likely to have been caused by the act of the plaintiff himself in cranking it as otherwise. It was therefore the duty of the trial judge, at the conclusion of the evidence, to cause a non-suit to be entered or to instruct the jury to return a verdict in favor of the defendant for the reason that as a matter of law the defendant was not guilty of any actionable negligence. The judgment in favor of the defendant was one required by the evidence, and there was therefore no error prejudicial to the plaintiff in that the court refused to give the request asked and failed to charge the jury as to the doctrine of comparative negligence under the statute.

The judgment, therefore, should be affirmed.

(Richards and Lloyd, JJ., concur.)